RECEIPT # 57860
AMOUNT $ 150 —
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-9-04

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONGVIEW CORPORATION,<br><br>    Plaintiff-in-Interpleader and Stakeholder,<br><br>v.<br><br>TULLIO PONZI, TAMARA BAKER, ARTHUR KELLENBACK and ALAN LeBOVIDGE, as Commissioner of Revenue, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE SERVICES,<br><br>    Defendants-in-Interpleader and Claimants. | Civil Action No.<br><br>**COMPLAINT IN INTERPLEADER**<br><br>**04-11738 NG**<br><br>MAGISTRATE JUDGE _____ |

1. This is an interpleader action filed in accordance with the provisions of 28 U.S.C. § 1335.

PARTIES

2. The Plaintiff-in-Interpleader and Stakeholder Longview Corporation ("Longview") is a Massachusetts housing cooperative organized under G.L. c. 157B with its principal place of business at 983-986 Memorial Drive, Cambridge, Massachusetts, 02138. Longview is in possession of a certain Certificate of Stock issued to Anna Nuissl ("Ms. Nuissl"), a former Longview shareholder. Longview has been informed that Ms. Nuissl died in Switzerland on or about September 7, 1999.

3. The Defendant-in-Interpleader and Claimant Tullio Ponzi ("Ponzi") is an individual who resides at 983 Memorial Drive, Unit 502-B, Cambridge, Massachusetts, 02138. Ponzi has, at various times, claimed to be Ms. Nuissl's son. At other times,

Ponzi has asserted that he is Ms. Nuissl's nephew. Ponzi now contends that he is the administrator of Ms. Nuissl's estate and her sole heir at law.

4. Upon information and belief, the Defendant-in-Interpleader and Claimant Tamara Baker ("Baker") is an individual residing at 22572 Ledana Street, Mission Viejo, California, 92691. Baker is believed to be Ms. Nuissl's granddaughter. Longview has been informed that Baker is the daughter of Ms. Nuissl's son, Siegfried Kellenback, who is believed to have died in 1987.

5. Upon information and belief, the Defendant-in-Interpleader and Claimant Arthur Kellenback ("Kellenback") is an individual who resides at 15 Awatea Road, St. Ives Chase, Sydney NSW 2075, Australia. Kellenback is believed to be another of Ms. Nuissl's son.

6. The Defendant-in-Interpleader and Claimant Alan LeBovidge is the Commissioner of Revenue for the Commonwealth of Massachusetts Department of Revenue Services ("DOR") and is named in this action solely in his official capacity as Commissioner. The DOR has been named as a potential claimant because of the uncertain status of the Certificate of Stock as to whether it constitutes real or personal property for taxation purposes.

## JURISDICTION AND VENUE

7. This Court enjoys original jurisdiction over this action under 28 U.S.C. § 1335.

8. Longview has a stock instrument – the Certificate of Stock – in its possession worth substantially in excess of $500.

2

9. Two or more of the potential Claimants are of diverse citizenship as defined in 28 U.S.C § 1332.

10. Longview requests that this Court accept deposit of the Certificate of Stock into the registry of the Court pursuant to 28 U.S.C. § 1335 (a)(2).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1397. One or more of the Claimants reside in Massachusetts and Longview is domiciled in Massachusetts.

## FACTS

12. Longview is a residential housing cooperative comprised of 54 shareholders. Each Longview shareholder has the right, by virtue of ownership of his or her shares, to lease and occupy a particular dwelling unit in the Longview cooperative.

13. In or around 1985, Ms. Nuissl purchased 69 shares of Longview stock that entitled her to occupy unit 502-B ("the Unit") in the Longview cooperative. Like all Longview shareholders, Ms. Nuissl was required to execute a lease to occupy her Unit.

14. Ponzi has resided in the Unit as Ms. Nuissl's subtenant following Ms. Nuissl's purchase of her shares and execution by Ms. Nuissl of her Unit lease. Ponzi's sub-tenancy violates the Unit lease, which has been declared by Longview to now be in default. Longview has, however, postponed an eviction action in favor of this proceeding.

15. For a period of more than two years following Ms. Nuissl's death, Ponzi failed or otherwise refused to inform Longview of her demise.

16. However, in February 2003, following a series of demands, Ponzi brought suit against Longview in the Suffolk Superior Court claiming ownership of Ms. Nuissl's shares.

17. In Ponzi's submissions to the Superior Court, he identified Baker as Ms. Nuissl's granddaughter and Kellenback as Ms. Nuissl's son and asserted both that he was the owner of the shares as a result of an *inter vivos* transfer and that he became the owner of the shares by operation of Swiss law upon Ms. Nuissl's death.

18. In deciding the parties' cross-motions for summary judgment, the Superior Court flatly rejected Ponzi's claim that there had been an *inter vivos* transfer of the shares to him by Ms. Nuissl and ruled that the material submitted by Ponzi was insufficient as a matter of law to establish his ownership of the shares as Ms. Nuissl's heir. [The Memorandum and Order of the Superior Court (Graham, J.) is attached hereto as Exhibit A.]

19. With respect to the latter ruling, the Superior Court expressly referenced and relied upon Ponzi's failure to make use of the domiciliary foreign personal representative ("DFPR") procedure established under Massachusetts probate law.

20. Since entry of judgment in its favor, Longview has made repeated requests that Ponzi file for recognition as Ms. Nuissl's DFPR and/or submit the matter to ancillary or supplemental probate in Massachusetts

21. Ponzi has refused these requests and, through counsel, has stated that he would not participate in ancillary or supplemental probate.

## COUNT I
(Interpleader)

22. Longview repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Longview holds the Certificate of Stock representing Ms. Nuissl's shares. It claims no interest in the Certificate of Stock or the shares other than that of issuer.

4

24. Longview is unable to determine to whom Ms. Nuissl's shares rightfully belong.

WHEREFORE, Longview requests that:

1. This Court accept tender of the original Certificate of Stock and hold the Certificate pending a ruling on the rightful owner of the shares;

2. Claimants be required to settle between themselves their rights to the shares in question;

3. It be discharged from all liability in the matter of the ownership of the shares;

4. Upon resolution of the matter of ownership, this Court enter an order regarding the rights and liabilities of parties in relation to the shares;

5. Each of the Claimants be restrained from instituting or pursuing any action against Longview for the recovery of the shares in question; and

6. Such other and further relief as this Court deems just and appropriate.

LONGVIEW CORPORATION

By its attorney,

_____
Wayne F. Dennison (BBO #558879)
BROWN RUDNICK BERLACK ISREALS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax. (617) 856-8201

#1286480 v\3 - lccnbj- 23924/1

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Longview Corporation

## DEFENDANTS
Tullio Ponzi

**(b)** County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-11738-NG

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Wayne F. Dennison
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA  02111  (617) 856-8200

Attorneys (If Known)
Andrew Howard
MacAuliffe & Associates, P.C.
430 Lexington Street
Newton, MA  02466  (617) 558-6889

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Interpleader action under 28 USC Section 1335

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Longview Corporation v. Tullio Ponzi__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04-11738 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Wayne F. Dennison__
ADDRESS __Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, MA 02111__
TELEPHONE NO. __(617) 856-8200__

(Covershootlocal.wpd - 10/17/02)