UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONGVIEW CORPORATION,<br><br>    Plaintiff-in-Interpleader and<br>    Stakeholder,<br><br>v.<br><br>TULLIO PONZI, TAMARA BAKER, and<br>ARTHUR KELLENBACK<br><br>    Defendants-in-Interpleader and<br>    Claimants. | Civil Action No. 04-11738-NG |

### MEMORANDUM IN SUPPORT OF LONGVIEW CORPORATION'S MOTION FOR DISCHARGE FROM ACTION

Pursuant to 28 U.S.C. § 1335, Plaintiff-in-Interpleader and Stakeholder Longview Corporation ("Longview") has moved this Court to: 1) accept deposit into the registry of the Court a stock certificate in which Longview claims no interest other than that of issuer; 2) discharge or otherwise dismiss Longview from this action; 3) discharge Longview from all liability in the matter of the ownership of the stock; 4) restrain Claimants from instituting or pursuing any action against Longview for the recovery of the stock at issue; and 5) award Longview its costs and attorneys' fees. This memorandum is submitted in support of that motion.

### FACTUAL BACKGROUND

Longview is a Massachusetts housing cooperative organized under G.L. c. 157B with its principal place of business at 983-986 Memorial Drive, Cambridge, Massachusetts, 02138. *First Amended Complaint In Interpleader*, ¶ 2. Longview is in possession of a certain Certificate of

Stock that it issued to Anna Nuissl ("Ms. Nuissl") in or around 1985. *Id.*, at ¶¶ 2 and 12. At that time, Ms. Nuissl purchased 69 shares of Longview stock that entitled her to occupy unit 502-B ("the Unit") in the Longview cooperative. *Id.*, at ¶ 12.

Longview has been informed that Ms. Nuissl died in Switzerland on or about September 7, 1999. *Id.*, at ¶ 2. Longview does not know to whom Ms. Nuissl's shares rightfully belong, but claims no interest in the Certificate of Stock or the shares other than that of issuer. *Id.*, at ¶¶ 19 and 20.

Claimant Tullio Ponzi ("Ponzi") is an individual who resides at 983 Memorial Drive, Unit 502-B, Cambridge, Massachusetts, 02138. Ponzi asserts that he is the lawful administrator of Ms. Nuissl's estate appointed under Swiss law and Ms. Nuissl's sole heir at law. *Id.*, at ¶3. Ponzi is the sole Claimant known to Longview to have sought ownership of Ms. Nuissl's shares following her death.

Claimant Tamara Baker ("Baker") is an individual residing at 22572 Ledana Street, Mission Viejo, California, 92691. Baker is believed to be Ms. Nuissl's granddaughter. Longview has been informed that Baker is the daughter of Ms. Nuissl's son, Siegfried Kellenback, who is believed to have died in 1987. *Id.*, at ¶4.

Claimant Arthur Kellenback ("Kellenback") is an individual who is believed to reside at 15 Awatea Road, St. Ives Chase, Sydney NSW 2075, Australia. Kellenback is believed to be another of Ms. Nuissl's sons. *Id.*, at ¶5.

## ARGUMENT

1. **Longview Should Be Discharged From This Action.**

Under 28 U.S.C. § 1335, if an interpleading plaintiff claims no share in the stake at issue, it is entitled to be dismissed from the interpleader suit and discharged from liability to all

Claimants after depositing the stake with the court. *Lutheran Brotherhood v. Comyne,* 216, F.Supp.2d 859 (E.D. Wis. 2002); *Mid-American Indem. Co. v. McMahan,* 666 F. Supp. 926 (S.D. Miss. 1987); *Nationwide Mut. Ins. Co. v. Eckmen,* 555 F. Supp. 775 (Del. 1983).

Here, Longview claims no interest in the stake other than that of issuer of the Certificate of Stock at issue. Longview has requested that this Court accept its deposit of the Certificate of Stock formerly owned by Ms. Nuissl into the registry of the Court. Accordingly, upon such deposit, Longview should be dismissed from this suit and discharged from all liability to Claimants with respect to Ms. Nuissl's shares.

2.  **Longview is entitled to an award of fees and costs.**

As a general rule, a stakeholder acting in good faith and claiming no interest in the stake is entitled to an award of attorneys' fees and costs. *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155 (5th Cir. 1976); *First Interstate Bank of Oregon, N.A. v. United States*, 891 F. Supp. 543 (Or. 1995) (fees and costs awarded absent a showing of bad faith).

Longview acted in good faith in bringing this interpleader action and claims no interest in the stake other than that of issuer of the Certificate of Stock. Accordingly, it is entitled to an award of reasonable attorneys' fees and costs.

## CONCLUSION

Longview therefore respectfully requests that this Court grant its motion, accept tender of the Certificate of Stock pending a ruling on the rightful owner of the shares, discharge Longview from all liability in the matter of the ownership of the shares, restrain the Claimants from instituting or pursuing any action against Longview for the recovery of the shares and award Longview its costs and attorneys' fees.

Respectfully submitted,

**LONGVIEW CORPORATION**

By its attorney,

_____
Wayne F. Dennison, BBO No. 558879
BROWN RUDNICK BERLACK ISREALS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8247
Fax. (617) 856-8201

# 1313287 v2 - denniswf - 023924/0001