UNITED STATES DISTRICT COURT OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

Civ. A. No. 1:04-cv-1738-NG

LONG VIEW CORPORATION,

Plaintiff-in-Interpleader and Stakeholder,

v.

TULLIO E. PONZI, TAMARA BAKER,
and ARTHUR KELLENBACK

Defendants-in-Interpleader and Claimants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TULLIO E. PONZI'S MOTION FOR SUMMARY JUDGMENT

### 1. FACTUAL AND PROCEDURAL BACKGROUND.

In 1985, one Anna Nuissl, a resident of Switzerland and the mother of the defendant Tullio E. Ponzi (hereinafter "Ponzi"), purchased 69 shares in the plaintiff Longview Corporation, which is a Massachusetts housing cooperative owning premises in Cambridge. Along with the shares, Ms. Nuissl acquired the right to occupy unit 802-B in the plaintiff's premises. (First Amended Complaint, hereinafter simply "the Complaint", ¶¶ 2, 12.; Exhibits A, B and C to the Affidavit of Joel Z. Eigerman, submitted herewith.) At all times since her purchase (and for several years before), the defendant Ponzi has occupied the apartment (Complaint, ¶ 13) and made all of the payments in connection with the ownership of the unit. (Affidavit Exhibit F, page 2.)

In 1987, Ms. Nuissl executed an *inter vivos* transfer of the shares to her son, the defendant Ponzi, but the transfer, arguably, did not comply with the by-laws of the plaintiff cooperative or governing state law and was thus, arguably, ineffective. (Aff. Ex.

1

A, p.2, Ex. B, Ex. F.) Ms. Nuissl died intestate in Switzerland in 1999, and her estate was admnistered there. (Aff., Exs. A, B and C.) Ponzi was her sole heir and the administrator of her estate. (*Ibid.*)

In 2002, a dispute arose between Ponzi and the plaintiff Longview over the ownership of the shares, and Ponzi commenced an action in the Superior Court for a declaration that he was the owner. The plaintiff Longview answered denying that he was the owner and further denying that he was the administrator of his mother's estate. The case was heard on cross-motions for summary judgment, and the motion judge in the Superior Court dismissed Ponzi's complaint but did not determine the ownership of the shares. (Aff., Ex. F.) The judge ruled that the 1987 transfer was invalid, and also ruled that the defendant Ponzi was not the administrator but that special administration in Massachusetts was required by Massachusetts law. (*Ibid.*)

Believing that this last ruling was a plain error of law, Ponzi filed a notice of appeal. After some negotiation, Ponzi and Longview agreed to the dismissal of the appeal and the commencement of the present interpleader action as the most efficient manner of resolving the issue of the ownership of the shares. (First Amended Complaint, ¶ citation.) This action was brought on August 9, 2004. The first amended complaint was filed, with the consent of the defendant Ponzi, on March 31, 2005. By commencing this action, the plaintiff Longview has declared its indifference on the issue of the ownership of the shares and presumably simply seeks instruction from the Court as to who is the rightful owner.

The defendant Tamara Baker is a grand-daughter of Anna Nuissl and the daughter of the latter's deceased son Siegfried Kellenback who died in 1987. She lives in

California. (See Disclaimers attached to Affidavit Exhibit B and Exhibit D.) The defendant Arthur Kellenback is a surviving son of Anna Nuissl and resides in Australia. They are the only theoretical heirs to the estate of Anna Nuissl other than the defendant Ponzi. (See Exhibit B to the Affidavit.) Each of them disclaimed an interest in her estate when it was probated after her death in 1999 (Affidavit, Exhibit B), and each reiterated that disclaimer by affidavit in the Superior Court action. (Affidavit, Exhibits D and E.) Tamara Baker was served by the plaintiff in this action, but has never responded. (See return of service filed by the plaintiff under letter of June 13, 2005.) The plaintiff does not appear to have attempted any form of service on Arthur Kellenbeck.

On March 31, 2005, the plaintiff filed a motion for discharge from the present action. While that motion has not been opposed[1], the Court does not yet appear to have acted upon it.

2. **ARGUMENT**

In accordance with the familiar rule, summary judgment lies "if the pleadings, [discovery materials] on file, together with the affidavits ... show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). To survive a motion for summary judgment, the opposing party must demonstrate that there is a genuine issue

---

[1] The plaintiff, by its counsel, has assured counsel for the defendant Ponzi that the plaintiff does not seek costs and/or attorneys' fees in this action from him. On that representation, the defendant Ponzi has not opposed the plaintiff's motion, which in all other respects is unobjectionable to him.

3

of material fact requiring a trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As the Supreme Court recently has made clear, the standard for granting summary judgment "mirrors" the standard for a directed verdict under Fed.R.Civ.P. 50(a). That is, the inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. A plaintiff may not base his opposition merely on the allegations in its complaint, *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289-290 (1968), nor upon showing that there is "some metaphysical doubt as to the material facts," *Matsushita, supra*, 475 U.S. at 586 (citations omitted). That is, the opposing party "...must produce at least some evidence *reasonably* affording an inference supporting the existence of a triable issue of fact [with respect to the element which the opposing party must establish at trial]." *Santiago, et al. v. Group Brasil, Inc.*, 830 F.2d 413, 416 (1st Cir.1987).

On the record in the case at bar, all of the material facts dictate that a judgment be entered for the defendant Ponzi declaring him the rightful owner of the shares at issue. None of the operative facts is in dispute. Either Nuissl conveyed the shares to Ponzi in 1987, or she was the owner of the shares at the time of her death in Switzerland in 1999. Nuissl's estate was duly administered in Switzerland in compliance with Swiss laws. This Court must take judicial notice of that law in the absence of any contradictory evidence. *See* M.G.L. c. 233, §70. No such evidence has been submitted.

4

Shares in a cooperative are considered personal property in the Commonwealth. *See e.g. Boston Five Cents Savings Bank v. Pierce*, 601 F.Supp. 38, 42-43 (D.Mass.1984); *also Born v. Board of Assessors of Cambridge*, 427 Mass. 790, 794 (1998). Corporate shares can be administered either in the domicile of the decedent or where a corporation is located. *Direction Der Disconto-Gesellecraft v. United States Steel Corp.*, 267 U.S. 22 (1925); *Kennedy v. Hodges*, 215 Mass. 112 (1913). The first disposition, however, is final and the principles of *res judicata* and comity prevent subsequent re-disposition. *Reynolds v. Remick*, 82 F.Supp. 281, 283 (D.Mass.1949); *also Junco Mulet v. Junco De La Fuente*, 228 F.Supp.2d 12, 15 (D. P.R. 2002).

Here, the shares have been disposed of in the Swiss proceeding in accordance with the law of Nuissl's last domicile, Switzerland. *See* Eigerman Aff., Exhibits A, B and C. Under Swiss law, the shares vested in Nuissl's heirs on her death, and all of the potential heirs other than Ponzi expressly disclaimed their interests, if any. The Swiss court has declared Ponzi to be her sole heir. (*Ibid.*).

## CONCLUSION

For the reasons stated, defendant in interpleader Tulio E. Ponzi's motion for summary judgment should be granted.

By his attorneys,

Joel Z. Eigerman, BBO #152000
Pavel Bespalko, BBO # 654915
50 Congress Street, Suite 200
Boston, MA 02109
(617) 367-0014

July 18, 2005

## CERTIFICATE OF SERVICE

I, Joel Z. Eigerman, hereby certify that I served a copy of the foregoing documents upon the plaintiff in this action by mailing the same, postage pre-paid, to Wayne Dennison, Esq., Brown Rudnick Berlack Israels LLP, One Financial Center, 18th Floor, Boston, MA 02111, this 18th day of July, 2005.

Joel Z. Eigerman