UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LONGVIEW CORPORATION,** ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| **TULLIO PONZI, ARTHUR KELLENBACK,** ) | C.A. No. 04-11738 |
| **TAMARA BAKER, ALAN LEBOVIDGE** ) | |
| as Commissioner of Revenue, and ) | |
| **COMMONWEALTH OF MASSACHUSETTS** ) | |
| **DEPARTMENT OF REVENUE SERVICES** ) | |
| ) | |
|     Defendants. ) | |

**GERTNER, D.J.:**

**ORDER RE: LONGVIEW'S MOTION FOR DISCHARGE FROM ACTION
AND PONZI'S MOTION FOR SUMMARY JUDGMENT**
August 17, 2005

Longview Corporation ("Longview"), a Massachusetts housing cooperative, has brought an interpleader action under 28 U.S.C. § 1335 in order to enlist this Court in determining the rightful owner of Anna Nuissl's ("Nuissl") shares of Longview stock. Longview claims no interest in Nuissl's shares except as their issuer. In the form of a motion for discharge from action and other relief [docket entry # 4], Longview requests that this Court:

    1) Accept deposit into the registry of the Court Nuissl's original Certificate of Stock in which Longview claims no interest other than that of issuer, pending a ruling on the rightful owner of the shares;

2) Discharge or otherwise dismiss Longview from this action;

3) Discharge Longview from all liability in the matter of the ownership of the stock;

4) Restrain claimants from instituting or pursuing any action against Longview for recovery of the stock at issue; and

5) Award Longview its reasonable costs and attorneys' fees once Longview submits these costs and fees for review by claimants and this Court.

At first blush, Longview appears to meet the requirements of 28 U.S.C. § 1335 for an interpleader action.[1]  First, it is a corporation that has issued a certificate valued at over $500. Second, Longview has named as defendants-in-interpleader Tullio

---

[1] 28 U.S.C. § 1335 states in relevant part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>     (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court . . . .

Ponzi ("Ponzi"), who is believed to be one of Nuissl's sons, Arthur Kellenback ("Kellenback"), who is believed to be another of Nuissl's sons, and Tamara Baker ("Baker"), who is believed to be Nuissl's granddaughter and the daughter of Siegfried Kellenback -- three potentially adverse claimants. Third, Ponzi, Baker, and Kellenback reside in Massachusetts, California, and Australia, respectively, suggesting that the diversity prong is met. Finally, Longview seeks to deposit the Certificate of Stock into the registry of the Court.

However, there is at the moment a fundamental flaw with respect to this Court's jurisdiction over the above-entitled action -- because Kellenback, one of the defendants-in-interpleader, resides in a foreign country, he cannot be served under the interpleader statute. Years ago, the Supreme Court held that interpleader is an in personam proceeding requiring effective personal service on the claimants before they can be bound by the court's adjudication. See New York Life Insurance Co. v. Dunlevy, 241 U.S. 518 (1916); see also Wright & Miller, 7 Fed. Prac. & Proc. Civ.3d § 1711 (West 2005) [hereinafter "Wright & Miller"]. In response to this decision, Congress enacted the interpleader statute, 28 U.S.C. § 1335, and provided for nationwide service of process on the claimants. See 28 U.S.C. § 2361; see also Wright & Miller § 1711. Despite this jurisdictional expansion, "no service may be had on persons who .

. . are absent from the country."[2]  Wright & Miller § 1711. Without effective service on Kellenback, the finality of any judgment stemming from this interpleader action would be an illusion, as Kellenback would not be subject to it.[3]

Given that an interpleader action seems an appropriate vehicle for this case, the Court invites Longview to address the service problem by obtaining proof that Kellenback voluntarily submits himself to the jurisdiction of this Court.  In the meantime, Longview's motion for discharge [docket entry # 4] is HEREBY **STAYED**, pending submission of such proof.  Additionally, Ponzi's motion for summary judgment [docket entry # 8], also filed under the above-entitled action, is HEREBY **STAYED**, pending resolution of the motion for discharge.

**SO ORDERED.**

Dated: August 17, 2005                         **s/NANCY GERTNER, U.S.D.J.**

---

[2] Fed. R. Civ. P. 4 governs the mechanics of service in statutory interpleader cases, and contains provisions dealing with service upon persons outside the territory of the forum state.  However, these provisions require authorization for substituted service to come from a source other than the federal rules; no such source exists in statutory interpleader actions.  See Wright & Miller § 1711.

[3] The docket reflects that Baker was served with the complaint in interpleader on August 13, 2004 [docket entry # 7].  Although there is no indication on the docket that Ponzi received service, he has clearly submitted himself to this Court's jurisdiction by filing a motion for summary judgment on the issue of ownership [docket entry # 8].