UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONGVIEW CORPORATION,<br><br>    Plaintiff-in-Interpleader and<br>    Stakeholder,<br><br>v.<br><br>TULLIO PONZI, TAMARA BAKER, and<br>ARTHUR KELLENBACK<br><br>    Defendants-in-Interpleader and<br>    Claimants. | Civil Action No. 04-11738-NG |

**PLAINTIFF-IN-INTERPLEADER'S PARTIAL
OPPOSITION TO CLAIMANT'S PROPOSED ORDER**

In March 2005, Plaintiff-in-Interpleader Longview Corporation ("Longview") moved to be dismissed from this action pursuant to 28 U.S.C. § 1335. That motion has now been allowed by this Court. Longview's proposed order with respect to its motion has been submitted to the Court (Docket Entry, No. 6), but has yet to be endorsed or otherwise acted upon. In July 2005, claimant Tullio Ponzi ("Ponzi") moved for summary judgment with respect to his interest in the shares of Longview formerly owned by Anna Nuissl ("Nuissl"). Those shares serve as the stake in this interpleader action. On November 15, 2005, Ponzi submitted a proposed order to this Court.

As detailed below, Longview opposes the entry of portions of Ponzi's proposed order on the following grounds:

1. Although this Court has found that Ponzi has succeeded to Nuissl's interest in the shares, that interest is subject to all the terms and conditions established under the By-Laws of

Longview Corporation ("By-Laws") and of the Proprietary Lease (the "Lease") established under the By-Laws and executed by Nuissl.

2. Ponzi like any other person acquiring an interest in Longview may not compel the "transfer of . . . shares on [Longview's] books to his name" or the "issu[ance] to him [of] a new stock certificate in his name" until he has fully complied with the transfer requirements established under the By-Laws and the Lease.

3. Paragraph 1 of Ponzi's proposed order therefore provides Ponzi with benefits to which he is not yet entitled. Longview respectfully requests that paragraph 1 should be revised to read:

> The Court hereby declares that Tullio Ponzi is the rightful owner of the sixty-nine shares in Longview Corporation previously owned by his late mother, Anna Nuissl. Ponzi shall fully comply with all transfer restrictions and other requirements provided under the By-Laws of Longview Corporation and the Proprietary Lease executed by Anna Nuissl.

4. Paragraph 2 of Ponzi's proposed order also requires revision. Longview's discharge from liability to the claimants should not depend on Longview's subsequent performance of its contractual obligations with Ponzi. As a result of the interpleader action, Longview's sole obligation to Ponzi is to recognize him as the appropriate owner of Nuissl's shares. The proposed order already addresses this issue and is, if adopted, fully enforceable by Ponzi.

5. Longview therefore proposes that Paragraph 2 of the proposed order be revised as follows:

> Longview Corporation shall recognize that Tullio Ponzi, as heir to Anna Nuissl, is the rightful owner and appropriate transferee of Nuissl's interest in Longview Corporation. Longview Corporation is otherwise hereby discharged from all other liability to claimants and dismissed from this action; claimants shall not institute or pursue any action against Longview with respect to the ownership of Nuissl's stock

WHEREFORE, Longview Corporation respectfully requests that this Court deny Tullio Ponzi's request for entry of the proposed order filed on November 15, 2005 and that this Court instead enter an Order consistent with the language proposed in paragraphs 3 and 5, *supra*.

        **LONGVIEW CORPORATION**

        By its attorney,

        /s/ Wayne F. Dennison
        Wayne F. Dennison, BBO No. 558879
        **BROWN RUDNICK BERLACK ISREALS** LLP
        One Financial Center
        Boston, MA 02111
        Tel. (617) 856-8247
        Fax. (617) 289-0438